Hillsborough,
Jan. 5, 1949. } No. 3780.

GLORIA ROY (*by her mother and next friend*) *v.* ERNEST CHALIFOUX.

SIMONNE ROY *v.* SAME.

322

*Albert Terrien* (by brief and orally), for the plaintiffs.

*Robert W. Upton* and *William D. Tribble* (*Mr. Tribble* orally), for the defendant.

JOHNSTON, J.  Mrs. Haggerty testified that, after she yelled to the defendant and told him that he had run over a little girl, he stopped and the child (hereinafter called the plaintiff) then lay on the cross-walk right in the middle of Commercial Street.  According to her, both left wheels passed over the child.  Concerning obstructions to the defendant's view this witness said in evidence:  "Q. Was there any car ahead of it [the defendant's automobile]?  A.  I didn't see

any. Q. Is your eyesight good? A. Yes. Q. If there had been a truck ahead of this car, would you have seen it? A. Yes, I would have. Q. You saw no car ahead of it? A. No. . . . Q. Was there anything to interfere with the vision of that driver as he came up that street? A. No, there wasn't." Commercial Street was 30 feet wide between curbs and there was no other vehicle in the street either to the right or the left of the defendant, either moving or stationary. The sidewalk on the east side of the street was six feet and one inch wide. The motions for nonsuits, for directed verdicts and to set aside the verdicts because against the law and the evidence were properly denied. *Robbins* v. *Green*, 93 N. H. 384; *Martineau* v. *Waldman*, 93 N. H. 147; *LaPolice* v. *Austin*, 85 N. H. 244.

An expert neurologist and psychiatrist, who had not treated the plaintiff, testified on direct examination concerning certain conditions, to which he said the accident contributed. These symptoms were nightwalking, wetting the bed, and the occurrence of terrifying dreams and of crying spells. On cross-examination the expert conceded that the symptoms were as consistent with a condition brought about by the environment as described to him in which the child was brought up as with an accident. The defendant then moved that the testimony of the expert be stricken on the ground that the effects stated in testimony were just as likely to be due to causes for which the defendant was not responsible as to the accident and that accordingly the testimony was speculative. It is not entirely clear what the doctor meant on cross-examination in giving his opinion concerning the plaintiff and the effect upon her of the accident suffered. However that may be, in view of the facts that the symptoms first appeared immediately after the accident and the child was in good health prior thereto and the further fact that the symptom of doubling up and clutching her stomach when crying was such in nature that it might reasonably be inferred even by laymen to have resulted from the automobile passing over that part of her body rather than from environment in general, the motion to withdraw the evidence from the jury was properly denied. *Demers* v. *Flack*, 88 N. H. 184.

The defendant excepted to the ruling that permitted plaintiff's counsel to ask the defendant whether he knew of any reason why he couldn't have seen her, if a child came along from the right. Since Mrs. Haggerty did not see the child before she was run over, it could reasonably be inferred that the child came from the opposite corner on the easterly side of Commercial Street. Moreover, the plaintiff's position at the trial was that the defendant was negligently inattentive

whether the child came from either direction on the crosswalk. In view of this claim it was proper cross-examination to ask whether there was any obstruction to the view ahead either to the right or left of the defendant.

In the case of Gloria Roy, the defendant moved that the verdict of $2,500 be set aside on the ground that it was excessive. This motion was denied. All expenses were of course met by the verdict awarded the mother. The law for the guidance of the Trial Judge has been stated as follows: "To justify the interference of the court, the damages must be manifestly exorbitant; and so excessive as to warrant the belief that the jury must have been influenced by partiality or prejudice, or have been misled by some mistaken views of the merits of the case." *Belknap* v. *Railroad*, 49 N. H. 358, 371. The consideration of the defendant's motion involved questions of fact for the Judge and his decision should not be set aside unless no reasonable person would make it. *Wisutskie* v. *Malouin*, 88 N. H. 242, 246. Not only did the four year old child suffer a fracture of her left wrist but it occurred during the terrifying experience of having the left front and rear wheels of an automobile pass over her body. There was evidence that following this accident the child, who had been in the best of health prior thereto, would awaken from her sleep screaming every night down to the time of the trial December 3, 1947. During this period she suffered from night-walking, wetting the bed, crying spells and constipation. The refusal of the Judge to set aside the verdict of the jury on the ground that it was excessive was not unreasonable as a matter of law.

*Exceptions overruled.*

DUNCAN, J., doubted that there was evidence of causal negligence: the others concurred.