Hillsborough,
No. 5214.

EDWIN WIKE

*v.*

ARTHUR ALLISON.

Argued April 8, 1964.
Decided June 2, 1964.

*James M. Winston* (by brief and orally), for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* (*Mr. J. Murray Devine* orally), for the defendant.

LAMPRON, J.   In order to recover at common law, the plaintiff had the burden of proving that the defendant, who owned the dog which bit him, knew or had reason to know that his dog had vicious propensities. *McIntire* v. *Plaisted*, 57 N. H. 606, 609; *Gagnon* v. *Frank*, 83 N. H. 122, 123; Restatement, Torts, *ss.* 509, 518; 4 Am. Jur. 2d 332.

Plaintiff testified that the dog "didn't look dangerous to me." Defendant and his wife testified they did not believe the dog, a German shepherd, about five years old, constituted a danger to

anybody, nobody ever complained about him and he never bit anyone before. They testified further that it was tied up because they wanted it tied and for no other reason. The evidence would not warrant a finding that it had vicious propensities and much less a finding that the owner knew or should have known of any such inclinations in his dog. Consequently the Trial Court properly granted defendant's motion for a directed verdict on plaintiff's claim to recover on the basis of common-law liability. *Gagnon* v. *Frank, supra.*

RSA 466:19 provides that "Any person to whom or to whose property damage may be occasioned by a dog not owned or kept by him shall be entitled to recover such damage of the person who owns . . . the dog . . . unless the damage was occasioned to him while he was engaged in the commission of a trespass or other tort." "Its purpose is to obviate the difficulty of showing the owner's knowledge of the vicious propensities of the dog as required at common law." *Gagnon* v. *Frank,* 83 N. H. 122, 123. However it does not confer a right of action to a person whose injury is due wholly or in part to his own negligence. *Quimby* v. *Woodbury,* 63 N. H. 370, 374; *Chickering* v. *Lord,* 67 N. H. 555, 557. "There is nothing peculiar about the doctrine of contributory negligence as applied in cases under this statute. It is the ordinary rule 'that the party injured is not entitled to recover if his own negligence contributed to the injury.'" *Smith* v. *Hallahan,* 75 N. H. 534, 535.

The jury returned a verdict of "Not Guilty" written on the lower part of the verdict blank under the printed words "The jury find for the defendant." It was signed below by the foreman. There was no writing on the upper part of the blank where there was printed "The jury find for the plaintiff and assess the damages in the sum of _____ Dollars and _____ cents." A line thereunder for the signature of the foreman was blank. The Trial Court found that the added words "Not Guilty" did not have any effect on their verdict.

The Court, in its charge to the jury, stated that the upper part of the verdict blank was for the plaintiff and if the jury found for the plaintiff the foreman was to "write the amount in words, so many dollars and cents, and sign it . . . . The lower part is for the defendant [and] if you find for the defendant just sign on the bottom half." There was uncontradicted evidence that as a result of the accident the plaintiff had incurred medical and

hospital bills which were introduced as exhibits in the case. The Court instructed the jury that if they found for the plaintiff he was entitled to recover those expenses among other damages which he suffered. No amount of damages to be recovered by the plaintiff appeared on the verdict returned by the jury.

Assuming the verdict to be ambiguous, the Trial Court in construing it may use anything in the proceedings that serves to show with some certainty what the jury intended, such as the evidence introduced at the trial, the instructions given to the jury by the Court, and the form of the verdict blank submitted to the jury. *West* v. *Duncan*, 205 Cal. App. 2d 140, 143. A verdict will not be held insufficient unless, from necessity, there is a doubt as to its meaning. *Malinauskas* v. *Public Service Interstate Transp. Co.*, 6 N. J. 269, 277. Where, as in this case, the Court could, in the light of the evidence and the charge to the jury, ascertain the intent of the jury from the terms of the verdict, it could consider it a sufficient verdict. *Allen, Cummings & Co.* v. *Aldrich*, 29 N. H. 63, 75; *Turon* v. *J. & L. Const. Co.*, 8 N. J. 543. *Cf. Cheswell* v. *Chapman*, 42 N. H. 47, 55.

The accident happened at dusk on the evening of June 21, 1959, when the plaintiff was visiting his father at the house of the defendant. The dog was in defendant's back yard tied to a "big tow chain" about fifteen feet long attached to a building. While he was in the dwelling, plaintiff heard the dog bark in the yard and stated he "was going out to see the dog." There was evidence that plaintiff's mother, the defendant and his wife all warned him not to go near the dog as he was not used to him and did not know him. Plaintiff had been near the dog some three or four years previously when it was a pup.

Plaintiff who was about forty-two years of age at the time of the accident testified that he had owned two dogs and his father had owned one and that he was pretty familiar with dogs and their mannerisms and that he knew when a dog was on a chain there was usually a reason for it.

He testified that after approaching the dog, who was at a distance of about 150 feet from the front door of defendant's house, "after talking to him for a while I crouched or squatted and I was patting him and after patting him for a while he lunged for the right glass of my eyeglasses . . . the glasses were broke and cut the pupil of my right eye . . . One of his teeth hit

the right corner near my eye causing a small blood blister and damaged the knee of my pants and scratched my knee when he was coming back down towards the ground." There was evidence that the reason the dog bit the plaintiff's glasses was the fact that it saw a reflection in the lens.

Considering the evidence most favorably to the defendant who received the verdict from the jury (*Naramore* v. *Putnam*, 99 N. H. 175, 176) we cannot say as a matter of law that plaintiff's conduct could not be found to constitute negligence which caused or contributed to cause his injury. It could be found that plaintiff, knowing that when a dog is chained there is usually a reason for it, proceeded to the back yard from the home, about 150 feet, and placed himself in a position vulnerable to attack within the orbit of the chain which restrained the dog, after having been warned by three residents of the house not to go near the dog because it did not know him. The warnings could be found to indicate to the plaintiff that there was danger that the dog might bite him and it was not necessary that the warnings predict the exact manner in which the biting might take place. *Nason* v. *Lord-Merrow Excelsior Co.*, 92 N. H. 251, 253. The jury could properly find plaintiff guilty of contributory negligence which contributed to his injury and the Trial Court's instructions thereon were proper. *Colby* v. *Lee*, 83 N. H. 303; Annot. 66 A. L. R. 2d 916, 961, 964, 967. *Cf. Flynn* v. *Gordon*, 86 N. H. 198, 202; *Martin* v. *Kelley*, 97 N. H. 466, 469.

We consider lastly plaintiff's exception to the refusal of the Trial Court to submit to the jury the issue of last clear chance. As we have said very recently "the words 'last clear chance' mean exactly what they say 'there must be a *clear opportunity* to avoid the accident.'" *Couture* v. *Lewis*, 105 N. H. 224, 227.

The plaintiff placed himself within reach of the dog in spite of warning by the defendant and others not to do so. He could extricate himself from this danger zone by taking a step or two backward. Having ignored previous admonitions, it is reasonable to assume that nothing short of physical force exerted against him would cause plaintiff to retreat from his vulnerable position. It is common knowledge that such activity might precipitate rather than prevent an attack. There was no evidence that a command from the owner would have prevented the injury nor was there evidence that the defendant had time or

opportunity to act after the danger became manifest. The Trial Court acted properly in refusing to submit this issue. *Clark* v. *Railroad*, 87 N. H. 36; *Ramsdell* v. *Company*, 86 N. H. 457, 462.

*Judgment for defendant.*

All concurred.