Rockingham
No. 6419

FREDERICK A. CHAMPION, father and next friend of
GORDON CHAMPION

v.

THOMAS J. SMITH

October 31, 1973

*Griffin, Harrington & Brigham* and *James E. Ritzo (Mr. Ritzo* orally) for the plaintiff.

*Fisher, Parsons, Moran & Temple (Mr. Robert H. Temple* orally) for the defendant.

KENISON, C. J. The principal issue in this case is whether the trial court properly refused to set aside a verdict in favor of the plaintiff as excessive. The plaintiff alleged that the defendant without provocation struck him in the nose and knocked him to the ground, causing as a result temporary injuries to his face and other parts of his body. The defendant denied the plaintiff's allegations and claimed that the blow was struck in self-defense to repel an attack by the plaintiff. The issues were tried by jury before *Keller,* C. J., and the jury returned a verdict in favor of the plaintiff for $3000. The defendant moved to have the verdict set aside as being against the weight of the evidence, excessive, and punitive and argued that the jury's decision was based on sympathy,

prejudice, mistaken impressions of the law of damages, and an erroneous finding of permanent injury. The trial court denied the motion and reserved and transferred to this court the defendant's exception thereto, together with his exceptions to the admission of evidence during the trial which suggested permanent injury to the plaintiff.

The only substantial issue raised by the defendant is whether the trial court's refusal to set aside the verdict as excessive was proper. The other grounds set forth in the motion are without merit. An examination of the record reveals sufficient evidence to support the verdict in favor of the plaintiff. The trial court correctly instructed the jury as to the law of damages and the fact that the award should not be punitive and cured the inadvertent admission of evidence relating to the permanency of the plaintiff's injury by advising the jury that no such claim was made.

This court has stated on many occasions that a trial court's refusal to set aside the verdict as excessive will not be overruled unless it appears that the damages are so manifestly exorbitant that no reasonable person could say that the jury was not influenced by partiality or prejudice, or misled by some mistaken view of the merits of the case. *Hanlon v. Pomeroy,* 102 N.H. 407, 409, 157 A.2d 646, 648 (1960); *Roy v. Levy,* 97 N.H. 36, 40, 79 A.2d 847, 851 (1951); *Roy v. Chalifoux,* 95 N.H. 321, 324, 63 A.2d 226, 228 (1949); *see* C. McCormick, Law of Damages § 18 (1935). The plaintiff introduced evidence that the blow from the defendant knocked him unconscious and caused cuts and bruises on his face and body, a swelling and disfiguration of his nose, headaches and spells of dizziness which lasted for several weeks and necessitated his remaining at home for four days. The evidence also showed that the plaintiff went to a hospital for outpatient treatment and x-rays costing $56, following the injury and consulted a doctor on two occasions. Although the x-rays did not reveal a broken bone, the facts indicate that the plaintiff suffered a temporary twisting of the nose and a restriction in breathing through the left passage of his nose for a considerable time after the incident. After reviewing the cases in other jurisdictions dealing with damages for injuries to the nose (*see, e.g.,* Annot., 11 A.L.R.3d

370, § 21 (a) and (c) (1967)), it is our opinion that an award of $3000 for the injuries inflicted on the plaintiff is not so manifestly exorbitant that the trial court's refusal to set aside the verdict was unreasonable.

*Exceptions overruled.*

All concurred.