Strafford
No. 6836

PAUL SEAMAN v. ASHMAN L. BERRY, SR.

LUCILLE A. SEAMAN v. SAME

July 19, 1974

*Burns, Bryant, Hinchey, Cox & Shea* and *James F. Early (Mr. Early* orally) for the plaintiffs.

*Calderwood & Ouellette* and *Stanley J. Mullaney (Mr. Raymond R. Ouellette* orally) for the defendant.

DUNCAN, J. On March 11, 1968, an automobile operated by defendant Berry collided at an intersection in Rochester, New Hampshire with an automobile operated by plaintiff Lucille Seaman. As a result of this accident, several lawsuits were instituted, including the present actions by which Lucille seeks to recover for personal injuries resulting from the collision, and her husband, Paul, seeks damages for loss of consortium.

Nine cases were tried together by jury and a verdict of $21,000 was returned in favor of Lucille Seaman and $5,500 in favor of her husband. During the trial the defendant excepted to various rulings by the trial court. These exceptions and defendant's exception to the denial of his motion to set the verdicts aside were reserved and transferred by *Mullavey, J.*

The sole issue presented to this court is whether the verdicts should have been set aside as excessive. The defendant's motion alleged that the verdicts were against the weight of the evidence, and that the jury fell into plain mistake.

"This court has stated on many occasions that a trial court's refusal to set aside the verdict as excessive will not be overruled unless it appears that the damages are so manifestly exorbitant that no reasonable person could say that

the jury was not influenced by partiality or prejudice, or misled by some mistaken view of the merits of the case." *Champion v. Smith,* 113 N.H. 551, 552, 311 A.2d 132, 133 (1973); *Hanlon v. Pomeroy,* 102 N.H. 407, 409, 157 A.2d 646, 648 (1960); *Roy v. Levy,* 97 N.H. 36, 39-40, 79 A.2d 847, 851 (1951). The defendant's motion to set the verdicts aside as excessive "involved questions of fact for the [trial] judge and his decision should not be set aside unless no reasonable person would make it." *Id.* at 40, 79 A.2d at 851.

There was evidence that as a result of the accident the plaintiff Lucille Seaman was thrown to the floor of the car, and suffered head, chest, back, and knee injuries, and serious injury of an "emotional" or "nervous" nature. Almost five years after the accident her doctor testified that the plaintiff Lucille, then fifty-one years of age, "is really quite markedly upset nervously", requiring continuing medication, and that her condition was probably caused by the accident and would probably continue for some time. Her husband testified that before the accident "she was a happy person and now she isn't, her expressions even, aren't the way they used to be .... She'll wake in the middle of the night and she'll be crying, she'll grab me by the arm, she'll be in a cold sweat .... She's not at all like she was before the accident." The plaintiff herself testified that she was also afflicted by crying spells in the course of her employment at a local drugstore and because of her condition was unable to make deliveries for the store, since she was too nervous to drive her automobile.

A review of the authorities requires the conclusion that the jury's award to Lucille Seaman cannot be said to be so "manifestly exorbitant that the trial court's refusal to set aside the verdict was unreasonable." *Champion v. Smith,* 113 N.H. 551, 553, 311 A.2d 132, 133 (1973); *Welch v. Hood & Sons,* 104 N.H. 207, 182 A.2d 461 (1962); *Roy v. Chalifoux,* 95 N.H. 321, 63 A.2d 226 (1949); Annot., 16 A.L.R.2d 3, § 116, at 294 (1951).

We reach a like conclusion as to the verdict for the plaintiff, Paul Seaman. His testimony as to the change in his wife's behavior after the accident is quoted above.

"[D]amages for loss of consortium cannot be determined with mathematical certainty." They include such unquantifiable aspects of the marital relationship as love, companionship, affection, society, sexual relations, services, and solace. *Labonte v. National Gypsum Co.,* 113 N.H. 678, 682, 313 A.2d 403, 406 (1973); *Labonte v. National Gypsum Co.,* 110 N.H. 314, 318, 269 A.2d 634, 637 (1970). The changes in Lucille Seaman's behavior described by Paul could be found to have produced profoundly adverse changes in the marital relationship. We cannot say that the court's refusal to set the verdicts aside as "exorbitant" was unreasonable.

To support his argument the defendant has suggested that we should compare lesser awards made by the same jury in the other actions tried at the same time. Such a comparison would be of doubtful utility even if we had complete records before us in those cases. *See Birgel v. Heintz,* 163 Conn. 23, 34, 301 A.2d 249, 255 (1972). The record before us does not support defendant's suggestion that the verdicts in the other cases were an expression of the jury's disapproval of actions brought in our courts between non-residents, as contrasted with the actions brought by the two resident plaintiffs now before us.

*Exceptions overruled; judgments on the verdicts.*

All concurred.