Hillsborough
No. 81-145

ROBERT BURLEY

v.

KENNETH HUDSON, INC. d/b/a
HUDSON BUS LINES *& a.*

July 2, 1982

*Craig, Wenners, Craig & McDowell P.A.*, of Manchester (*Joseph F. McDowell, III*, on the brief and orally), for the plaintiff.

*Arthur O. Gormley, Jr.*, of Nashua, and *Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Mr. Gormley* and *James C. Wheat* on the brief, and *Mr. Wheat* orally), for the defendants.

DOUGLAS, J.   The issue in this case is whether the Superior Court (*Bean*, J.) erred in allowing the plaintiff to amend his complaint by adding a count for negligent entrustment and in admitting evidence of defendant John McKeen's prior speeding offenses. We find no error and affirm.

On December 21, 1978, an airport limousine, owned by defendant Hudson Bus Lines and operated by defendant John McKeen, struck the plaintiff, who was crossing Elm Street in Manchester. When the accident occurred, the defendant was northbound; the plaintiff, who was walking across Elm Street from west to east and had crossed three of the four lanes, was hit in the fourth lane. After the collision, the plaintiff was dragged more than 120 feet until the vehicle struck a telephone pole. He sustained serious injuries and incurred approximately $27,000 in medical bills. As a result of the accident, the plaintiff's right leg is one-half inch shorter than his left leg.

The plaintiff brought a civil action for damages in superior court, alleging that defendant McKeen had been negligent and that his employer, defendant Hudson Bus Lines, was liable under the doctrine of respondeat superior. The trial court later allowed the plaintiff to amend his complaint to add the count of negligent entrustment. The jury assessed the plaintiff's total damages to be $130,000, and determined that his comparative negligence was 30%; therefore a verdict of $91,000 was entered in his favor. The defendants, who are now represented by other counsel, appealed to this court.

The defendants argue that the trial court erred in allowing the plaintiff to amend his pleadings by adding the theory of

negligent entrustment. First, they argue that the motion to amend was not timely. In this State pleadings may be amended liberally, within the discretion of the trial court. *Burrows v. City of Keene*, 121 N.H. 590, 595, 432 A.2d 15, 18 (1981); *see Berlinguette v. Stanton*, 120 N.H. 760, 762, 423 A.2d 289, 290 (1980). The plaintiff derived the information serving as the basis for his negligent entrustment count from responses to interrogatories sent to Hudson Bus Lines in April 1980. Hudson did not respond until March 4, 1981, almost one year later. After receiving the information, the plaintiff promptly moved to amend his pleadings. The trial court granted his motion over the defendants' objection and exception on March 17, 1981, the day trial commenced. If Hudson Bus Lines suffered any surprise as a result of the amendment it was caused by Hudson's own delay in responding to the plaintiff's interrogatories. From the evidence before us, we conclude that the trial court did not abuse its discretion in allowing the plaintiff's amendment.

■ The defendants argue that the plaintiff should not have been allowed to plead both negligent entrustment and respondeat superior. Negligent entrustment and respondeat superior are not mutually exclusive theories. A plaintiff may seek to recover on alternative legal grounds. *See MacLeod v. Chalet Susse Int'l, Inc.*, 119 N.H. 238, 245, 401 A.2d 205, 210 (1979). Negligent entrustment could have served as a basis for recovery in this case if the plaintiff had been unable to prove that McKeen was an employee of Hudson Bus Lines or that he was acting within the scope of his employment. The defendants insist that the parties stipulated that McKeen was an employee of Hudson; however no such stipulation appears in the record before us.

■■ Finally, the defendants argue that the trial court erred in allowing the plaintiff to introduce evidence of McKeen's prior speeding offenses, which the plaintiff offered on the negligent entrustment claim. In *Chalmers v. Harris Motors*, 104 N.H. 111, 114–15, 179 A.2d 447, 450 (1962), we held that "the owner of a motor vehicle may be held liable for an injury to a third person resulting from the operation of a vehicle which he has entrusted to one whose incompetency to operate it . . . is known or should have been known to him." We later explained that a defendant could be unfit because of age, bad habits, dangerous propensities, carelessness, recklessness, or habitual driving while under the influence of alcohol. *Hanover Ins. Co. v. Grondin*, 119 N.H. 394, 398, 402 A.2d 174, 177 (1979). To succeed on a negligent entrustment claim, the plaintiff must prove not only the driver's incompetence, but also the owner's knowledge of that incompetence. *Leone v. Doran*, 363 Mass. 1, 11, 292 N.E.2d

19, 28 (1973). To prove McKeen's incompetence and Hudson Bus Lines' knowledge of his incompetence, the plaintiff introduced evidence of McKeen's two prior speeding offenses. The offenses were listed on a "Motor Vehicle Driver's Certification" which was added to McKeen's file after he began to work for Hudson. These speeding violations were relevant because they tended "to establish a proposition . . . of consequence in [the] action," *see State v. Dustin*, 122 N.H. 544, 546–47, 446 A.2d 1186, 1188 (1982), namely, Hudson's knowledge of McKeen's propensity to speed.

■   Even if the evidence is relevant, the defendants argue that it is objectionable because prior convictions can only be proved through certified abstracts. *See State v. Buckwold*, 122 N.H. 111, 112, 441 A.2d 1165, 1166 (1982). We disagree. Counsel did not seek to introduce the document listing McKeen's speeding violations to prove the validity of the convictions, but to show that Hudson was aware that McKeen had several driving offenses and was unfit to drive an airport limousine. Speeding violations which McKeen disclosed voluntarily and which were part of his employment file were competent evidence on the claim of negligent entrustment.

■   The defendants argue that the jury may have considered McKeen's speeding violations as evidence of his negligence when they should only have been used to prove negligent entrustment. *See Leone v. Doran*, 363 Mass. at 14, 292 N.E.2d at 29. Because the defendants did not ask for a limiting instruction, they cannot now complain that the disputed evidence was used incorrectly. *See MAC Finance Co. v. Stone*, 106 N.H. 517, 521, 214 A.2d 878, 882 (1965).

*Affirmed.*

All concurred.