Belknap
No. 81-180

## BRIAN DeROY

v.

## ARTHUR C. COPP

January 24, 1983

*Normandin, Cheney & O'Neil*, of Laconia (*A. Gerard O'Neil, Jr.,* on the brief and orally), for the plaintiff.

*Louis P. Faustini*, of Goffstown (*Eleanor S. Krasnow* on the brief and orally), for the defendant.

14

BROCK, J. This comparative negligence case presents the question of whether the Trial Court (*Cann*, J.), in setting aside a jury's award of damages to the plaintiff on the ground that they were inadequate, erred in limiting the new trial to the issue of damages. For the reasons that follow, we hold that the trial court erred and remand for a new trial on both liability and damages.

On the evening of April 19, 1977, a motorcycle operated by the plaintiff collided with the defendant's automobile at an intersection in Tilton. As a result, the plaintiff alleges that he sustained permanent injuries to his right shoulder and arm and that he lost wages for several weeks and, in addition, claims damages for pain and suffering during five weeks of convalescence. The plaintiff's evidence that his medical expenses and lost wages exceeded $4,400, was uncontroverted.

At trial, the plaintiff argued that he was free from negligence and that the defendant's failure to yield the right of way to the plaintiff was the sole cause of the accident. The defendant, however, testified that he had stopped and checked the intersecting road in both directions before proceeding, at which point his car was suddenly struck by the plaintiff's motorcycle. He argues that the plaintiff was therefore negligent.

After both parties had rested their case, the trial court considered numerous jury instructions presented by counsel, including two from the plaintiff requesting that the jury be directed to return a verdict for the plaintiff because the defendant had failed to present any evidence countering the plaintiff's *prima facie* case. The trial judge declined to give these instructions and charged the jury on a variety of matters including the law of comparative negligence. *See* RSA 507:7-a (Supp. 1979). The court discussed comparative negligence in terms of percentages, pointing out that if the jury found that the plaintiff was more than fifty percent negligent, he could recover nothing from the defendant.

The court instructed the jury that if it found for the plaintiff, the jury foreman was to enter the amount of the damage award in the blank space indicating an award to the plaintiff and sign the form. The judge stated further that if the jury found for the defendant, the foreman should simply sign the form in the blank indicating a verdict for the defendant. Neither party excepted to these instructions.

After deliberation, the jury returned a verdict for the plaintiff in the amount of $5,900. Despite the judge's instruction that only the amount of the damage award and the foreman's signature should be written on the verdict form, the jury inserted the words "not guilty" in the space on the verdict form after the sentence: "the jury find for the plaintiff _____."

The plaintiff thereafter moved to set aside the verdict on a number of grounds, including the claim that the jury's award of damages was inadequate. After a hearing, the trial court granted the plaintiff's motion to set aside the verdict as inadequate and ordered a new trial limited to damages. The trial judge stated later, in response to a motion to clarify filed by the defendant, that he understood the words "not guilty" on the verdict form to indicate that the jury had found the plaintiff "not guilty of comparative negligence." The defendant excepted and appealed to this court.

The defendant concedes that the trial court may in the sound exercise of its discretion set aside a jury verdict on the ground that it is against the weight of the evidence. *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 496, 389 A.2d 429, 431 (1978); *see Rogers v. Pub. Serv. Co. of N.H.*, 121 N.H. 956, 958–59, 437 A.2d 263, 265 (1981). Here, however, he challenges the trial court's decision to limit the new trial *solely* to the question of damages. The defendant alleges that this will deprive him of his right to a diminution of his liability under our comparative negligence statute. *See* RSA 507:7-a (Supp. 1979).

The plaintiff contends that the trial court's decision that the new trial should be limited to the issue of damages is the logical conse-quence of its finding that the words "not guilty" on the verdict form indicated the jury had found the plaintiff free of *any* negligence. Alternatively, the plaintiff argues that even if the trial court incor-rectly interpreted the meaning of the words "not guilty," it still made the correct decision even if on mistaken grounds. The plaintiff claims that the trial court should have granted the plaintiff a directed verdict because the evidence showed that the defendant's conduct was the sole cause of the accident. The plaintiff therefore argues that in limiting the new trial to the damages issue, the court in effect corrected its prior wrongful denial of the requested instruction for a directed verdict for the plaintiff.

We first address the plaintiff's argument that the words "not guilty" on the verdict form compel the conclusion that the jury found the plaintiff free from any negligence. We have previously concluded that such language on a verdict form in a civil case gives rise to an obvious inconsistency between the judge's charge and the jury's verdict. *Vatistas v. Hickens*, 121 N.H. 455, 456, 431 A.2d 121, 123 (1981).

When a verdict form contains ambiguous language, it should, if possible, be construed so as to effect the jury's intent. That intent may be derived from the evidence presented at trial and the trial court's instructions to the jury. *Wike v. Allison*, 105 N.H. 393, 396,

200 A.2d 860, 863 (1964). While the trial court instructed the jury in this case to consider the quantum of negligence attributable to either party as a percentage from zero to one hundred percent, and to adjust any damages recoverable by the plaintiff to equal only the defendant's proportion of the total negligence in the case, it did *not* instruct the jury to return a "special verdict" by entering the particular quantum of negligence it attributed to the plaintiff and the defendant on the verdict form. *See* RSA 507:7-a (Supp. 1979).

The interpretation of the "not guilty" language urged by the plaintiff would require us to conclude that, notwithstanding the fact that it had not been instructed to do so, the jury returned a "special verdict" indicating that the plaintiff was zero percent negligent and the defendant was one hundred percent negligent. Although the plaintiff required major surgery two years after the accident and has an uncontroverted permanent disability, the award of only $1,500 over and above his out-of-pocket expenses allegedly represented the full amount of his damages for that disability and for pain and suffering.

Another interpretation of the ambiguous language, however, is that the jury found the plaintiff "not guilty" of being more than the fifty percent negligent, which the judge had explained would have totally barred the plaintiff from recovering. Thus, the jury's award of only $5,900 to the plaintiff may have reflected its apportionment of negligence between the plaintiff and the defendant, rather than its perception of what the plaintiff's total damages were.

The evidence presented at trial concerning the plaintiff's potential negligence supports this as an equally plausible interpretation of the jury's verdict. *See Wike v. Allison*, 105 N.H. at 396, 200 A.2d at 862. On the night of the accident, the defendant was traveling north on Route 140. His wife and infant daughter were seated in the front passenger seat. He stopped at an intersection and waited for an eastbound truck to pass. After starting to turn onto Route 3, his car was struck by the plaintiff's motorcycle. He testified that although he had stopped at the intersection and looked in both directions to make sure the road was clear, neither he nor his wife, whom he characterized as a "back-seat driver," saw the plaintiff before the impact. The plaintiff was unable to testify about the circumstances of the accident because he had lost his memory temporarily as a result of the accident. He testified only to some general information: that he was seventeen years old at the time of the accident and had been licensed to drive a motorcycle for three weeks, that he had driven on the highway about ten times, and that he was driving a Honda 360 motorcycle borrowed from his brother.

■ Given the ambiguous language on the verdict form and the conflicting liability evidence presented at trial, the question of whether the jury discounted this plaintiff's total damages by half or by nothing cannot be ascertained with certainty. *Cf. Vatistas v. Hickens*, 121 N.H. at 456–57, 431 A.2d at 123–24. The verdict returned by the jury did not resolve the issue of the parties' comparative liability with sufficient clarity for the trial court to limit a new trial to the question of damages without risking a miscarriage of justice.

We next consider the plaintiff's alternative argument that the order limiting the new trial to damages was valid because the trial court *should* have directed a verdict on *liability* for the plaintiff. *See Sprague v. Town of Acworth*, 120 N.H. 641, 644, 419 A.2d 1075, 1076 (1980) (when correct decision is made on mistaken grounds, court will sustain decision if record contains valid grounds to support it).

■ Our review of the record indicates that the trial court could not have directed a verdict for the plaintiff. The defendant presented ample evidence raising the issue of the plaintiff's negligence. This is therefore not a case where "'all of the evidence viewed most favorably to the opponent so overwhelmingly favors the moving party that no contrary verdict based upon that evidence could ever stand.'" *Hogan v. Robert H. Irwin Motors, Inc.*, 121 N.H. 737, 740, 433 A.2d 1322, 1325 (1981) (quoting *Stock v. Byers*, 120 N.H. 844, 848, 424 A.2d 1122, 1125 (1980)).

*Remanded for new trial on liability and damages.*

All concurred.