Hillsborough
No. 82-045

## WILFRED E. LAHEY

v.

## CHARLES T. SHAW & a.

August 31, 1983

*Upton, Sanders & Smith*, of Concord (*Russell F. Hilliard* on the brief and orally), for the plaintiff.

*Lloyd N. Henderson*, of Antrim, by brief and orally, for the defendants.

KING, C.J.   The defendants appeal the granting of a new trial by the Superior Court (*Flynn*, J.) in this contract case.

The plaintiff, Wilfred E. Lahey, owned a parcel of real estate in Weare. He agreed to sell the parcel to the defendants, Charles T. Shaw and Sandra C. Shaw; the parties also agreed that the plaintiff would make certain improvements to the property for $15,781.30. Prior to the commencement of this work, the defendants paid the

plaintiff $5,000. Later, the plaintiff presented the defendants with a bill for $10,781.30, the balance of the contract price. The defendants refused to pay the bill and discharged the plaintiff, claiming that his work was defective. The defendants completed the work themselves at a cost of $19,495.53.

The plaintiff commenced an action in assumpsit against the defendants, seeking to recover $10,781.30, due under the parties' contract. The defendants filed a counterclaim for damages, claiming that the plaintiff's work was defective and had to be redone.

The trial of these claims included a view of the premises by the jury. The judge did not attend the view. At the close of the trial, the judge instructed the jury, and there was no objection taken by either party to the instructions. The jury returned a verdict for the defendants on the plaintiff's action in assumpsit, and a verdict in the amount of $25,000 for the defendants on their counterclaim against the plaintiff.

Three days after the jury returned its verdict, the judge, on his own motion, recalled the jury. The judge asked the jury the following questions:

> "Did you find that all of the work performed by Mr. Lahey was so unworkmanlike that he was not entitled to any compensation for same?

> "Did you find that all of the materials supplied by Mr. Lahey were of no value or were rendered valueless due to the costs of correcting defects connected with said materials?"

After some deliberation, the jury answered the first question "yes," and the second question "no." The judge then submitted a third question to the jury:

> "What was the value of the materials that he supplied to the Shaws that you found had some benefit to them?"

The jury responded that the value of the materials was $3,013.18.

The plaintiff filed a motion to set aside the verdict and for a new trial, and a motion for remittitur. After a hearing on these motions, the judge granted the plaintiff's motion to set aside the verdict and ordered a new trial, stating:

> "In view of a jury verdict initially for the defendants in *Lahey v. Shaw et al.*, and the jury thereafter finding that the plaintiff Wilfred E. Lahey, was entitled to a verdict of $3,013.18 in a subsequent submission, the Court finds that the jury in all probability labored under a mistaken view of the evidence. In the counter-claim the Court finds that

the jury's verdict of $25,000 was excessive. The Court is of the opinion that it would be in the interest of justice to re-try the entire matter and therefore grants the plaintiff's motion and sets aside the jury's verdict and orders a new trial . . . ."

The defendants' motion to reconsider the court's order was denied, and the defendants appealed. We affirm.

We will first consider the court's granting of a new trial on the defendants' counterclaim. One ground for setting aside a verdict and granting a new trial is that the verdict is excessive. *Roy v. Levy*, 97 N.H. 36, 39-40, 79 A.2d 847, 851 (1951). A trial judge may set aside a verdict on the ground that it is excessive if the damages are "manifestly exorbitant . . . and so excessive as to warrant the belief that the jury must have been influenced by partiality or prejudice, or have been misled by some mistaken views of the merits of the case." *Hanlon v. Pomeroy*, 102 N.H. 407, 409, 157 A.2d 646, 648 (1960) (quoting *Belknap v. Railroad*, 49 N.H. 358, 371 (1870)). The determination whether a verdict is excessive is a question of fact for the judge and will not be set aside unless no reasonable person could make such a finding. *Id.* at 409, 157 A.2d at 648; *see DeRoy v. Copp*, 123 N.H. 13, 15, 455 A.2d 1034, 1036 (1983).

The defendants argue that the verdict was not excessive because there was evidence to show that their damages totalled $24,495.53. This figure includes the $19,495.53 it cost them to complete the work, and the $5,000 they paid the plaintiff prior to his beginning work. This is an improper formulation of contract damages. The goal of damages in actions for breach of contract is to put "'the nonbreaching party in the same position it would have been in'" if the contract had been fully performed. *Martin v. Phillips*, 122 N.H. 34, 37, 440 A.2d 1124, 1125 (1982) (citation omitted). In this case, if the plaintiff had fully performed his contract, the defendants would have been required to pay him $15,781.30. Instead, because of the plaintiff's breach, the defendants paid a total of $24,495.53 for the work which was covered by the parties' contract—$5,000 to the plaintiff, and $19,495.53 to complete the work. The defendants cannot recover as damages the original contract price of $15,781.30, because they would have been required to pay that amount if the contract had been fully performed. By their own admission, the defendants' damages totalled only $8,714.23 ($24,495.53 less $15,781.30). For this reason, we do not believe that the judge's finding that the jury's verdict of $25,000 was excessive is erroneous. A reasonable person could have concluded that the jury was misled in calculating damages. Therefore, we will not set aside the judge's finding.

■ We find no merit to the defendants' argument that, because the trial judge did not view the premises, it was improper for the judge to find that the verdict was excessive. The fact that the judge did not personally view the defective work is of no consequence based upon the facts in this case because, by the defendants' own admission, the evidence established damages of only $8,714.23. Furthermore, the exhibits introduced at trial, including a large number of photographs of the premises, made it unnecessary for the judge to view the premises.

■ The defendants contend that the judge was required to give reasons why the verdict was excessive. However, they cite no authority for this proposition, nor do we believe that a judge is required to state why he believes a verdict is excessive (though it would be helpful to this Court). This is especially so when the facts clearly indicate that the verdict is excessive.

■ The defendants argue that the judge should have granted a remittitur of $3,013.18, the value of the materials supplied by the plaintiff as determined by the jury, if he found the verdict was excessive. It is clear that the court could have decided not to set aside the verdict if the defendants had agreed to remit the excess amount of the verdict. *Wadsworth v. Russell*, 108 N.H. 1, 8, 226 A.2d 492, 497 (1967). However, we cannot conclude that the court erred in failing to grant a remittitur in this case, because the defendants would agree to a remittitur of only $3,013.18.

■ The defendants challenge the granting of a new trial as to the plaintiff's claim. They argue that the jury's answers to the questions submitted by the trial judge several days after its verdict for the defendant were consistent with the original verdict. They contend that the jury's finding that the plaintiff's materials had a value of $3,013.18 is not inconsistent with their original verdict for the defendants because the defendants had already paid the plaintiff $5,000. It is clear from reading the transcript of the proceeding in which the judge submitted the questions to the jury, that the judge and jury considered the answer to the third question to be a verdict for the plaintiff in the amount of $3,013.18, and that this was inconsistent with the jury's original verdict. The court's finding that, in view of the conflicting verdicts, the jury in all probability labored under a mistaken view of the evidence, is fully supported by the record. Because there was reasonable evidence to support the trial court's decision, we will not overturn it. *See Jacques v. Paquin*, 122

N.H. 868, 869, 451 A.2d 1283, 1284 (1982); *Gowen v. Brothers*, 121 N.H. 377, 381, 430 A.2d 159, 161 (1981).

*Affirmed.*

All concurred.