Grafton
No. 90-468

### ROSE HEWES AND STEPHEN HEWES

v.

### BARBARA ROBY

April 24, 1992

*Clauson, Smith & Whelan,* of Hanover (*Dennis Whelan* on the brief and orally), for the plaintiffs.

*Wiggin & Nourie,* of Manchester (*William S. Orcutt* and *Doreen F. Connor* on the brief, and *Ms. Connor* orally), for the defendant.

### MEMORANDUM OPINION

BATCHELDER, J. This is an action in negligence as well as an action pursuant to the dog bite statute, RSA 466:19. The case was

tried in Superior Court (*Smith*, J.) before a jury on the statutory claim only and resulted in a verdict for the defendant. The plaintiffs appeal, and we vacate for the reasons hereinafter stated and remand for a new trial.

On an early evening in April 1985 on a single lane dirt road in Lyme, known as Pico or Baker Hill Road, Rose Hewes was driving her five-year-old mare Maggie hitched to a cart. They were training for the 25-mile Toad Hollow Ride. The horse was trotting as they approached the defendant's mailbox where the defendant was walking her three dogs, an elkhound and two pugs. Rose Hewes saw the dogs and continued driving her horse. The dogs spotted the horse, ran toward it barking and began nipping at its heels and at the cart. The horse became excited, reared and broke the harness causing Rose to fall to the ground and sustain personal injuries. She brought suit for damages, and her husband, Stephen, brought suit as well for loss of consortium.

The trial court required the plaintiffs to elect between their common law negligence claims and their statutory claim, and they proceeded on the basis of the statute, RSA 466:19. The forced election is the first claim of error.

■■ The clear rule in New Hampshire is that "[a] plaintiff may seek to recover on alternative legal grounds." *Burley v. Kenneth Hudson, Inc.*, 122 N.H. 560, 563, 448 A.2d 375, 376 (1982). The only exceptions our cases suggest are when the causes of action are mutually exclusive, *id.*, or mutually inconsistent, *see MacLeod v. Chalet Susse Int'l Inc.*, 119 N.H. 238, 245, 401 A.2d 205, 210 (1979), but this case presents neither. Indeed, in *Allgeyer v. Lincoln*, 125 N.H. 503, 504–05, 484 A.2d 1079, 1080 (1984), the same claims pressed here were pled in the alternative. We note that piecemeal litigation is not in the interest of judicial economy. The forced election deprived plaintiffs of the opportunity to present all of their claims in a single proceeding. Accordingly, we vacate and remand for a new trial on all claims.

■ We address the plaintiffs' second issue because it is likely to arise upon retrial. Relying upon *Quimby v. Woodbury*, 63 N.H. 370 (1885), and *Wike v. Allison*, 105 N.H. 393, 200 A.2d 860 (1964), the plaintiffs argue that, contrary to the court's instruction to the jury, more than mere negligence should be required to establish the defense of contributory negligence to claims arising under RSA 466:19. We disagree. In *Quimby*, the plaintiff tried to drive a dog away from his fence, and in *Wike*, the plaintiff approached a chained dog in an

effort to touch and pat the animal. While those plaintiffs arguably may have been more than merely negligent, neither case displaces the longstanding rule that any contributory negligence, causal to the injury, bars a plaintiff's claim. *See Niemi v. Railroad*, 87 N.H. 1, 6, 173 A. 361, 364, *aff'd on reh'g*, 87 N.H. 1, 13, 175 A. 245 (1934). Although the defense of contributory negligence as it applies to statutory liability has been abolished by RSA 507:7-d (Supp. 1991), the events in this case arose before the effective date of the statute. *See* Laws 1986, 227:22, II. The defense of contributory negligence, therefore, applies to the statutory claim, and the defense of comparative negligence applies to the negligence claim. *See* RSA 507:7-a (1983), *repealed by* Laws 1986, 227:24.

*Vacated and remanded.*

All concurred.