Sterndale v. Iversen Ford Sales        CV-96-036-M   10/08/96
                    UNITED STATES DISTRICT COURT FOR THE
                           DISTRICT OF NEW HAMPSHIRE


Kimberly Sterndale,
        Plaintiff

v.                                              Civil No. 96-36-M

Iversen Ford Sales, Inc. and
Lincoln MacDonald,
        Defendants.


                              O R D E R


        Kimberly Sterndale brings this action against Iversen Ford

Sales ("Iversen") and its former employee, Lincoln MacDonald, to

recover damages for injuries she sustained in a motor vehicle

accident.  In Count 1 of her complaint, Sterndale alleges that on

March 27, 1994, she was driving on Amherst Street in Nashua, New

Hampshire, when Lincoln MacDonald negligently crashed his car

into hers.  She also claims that at the time of the accident,

MacDonald was an employee of Iversen, driving a car owned by

Iversen, and that his Massachusetts drivers license was under

suspension.


        In Count 2 of her complaint, Sterndale alleges that Iversen

knew or should have known that MacDonald's drivers license had

been suspended and that he was unfit to operate a motor vehicle.

Accordingly, she claims that Iversen negligently entrusted its automobile to MacDonald and, therefore, is liable for the injuries she sustained.

Pending before the court is Iversen's motion for summary judgment. Sterndale objects.

## Standard of Review

Summary judgment is proper "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact "is one `that might affect the outcome of the suit under the governing law.'" United States v. One Parcel of Real Property with Bldgs., 960 F.2d 200, 204 (1st Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson, 477 U.S. at 256. The party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial, demonstrating "some factual disagreement sufficient to deflect

2

brevis disposition."  <u>Mesnick v. General Electric Co.</u>, 950 F.2d 816, 822 (1st Cir. 1991), <u>cert. denied</u>, 504 U.S. 985 (1992). That burden is discharged only if the cited disagreement relates to a genuine issue of material fact.  <u>Wynne v. Tufts University School of Medicine</u>, 976 F.2d 791, 794 (1st Cir. 1992), <u>cert. denied</u>, 507 U.S. 1030 (1993).

## Background

On November 29, 1993, Iversen Ford hired MacDonald as a car salesman.  As a condition of his employment, MacDonald was required to demonstrate that he held a valid drivers license.  He produced a Massachusetts, class D drivers license, with an expiration date of June 6, 1997.  Iversen apparently took no further steps to verify that MacDonald's license was valid, nor did it ask for or review his driving record, nor did it ask MacDonald if he had ever lost his driving privileges.  Had it done so, it would have discovered that only three weeks earlier, MacDonald's license had been suspended for driving to endanger (60 day suspension) and for operating under the influence of alcohol (1 year suspension).

3

Sterndale claims that Iversen had a duty to make a more thorough investigation into MacDonald's driving history before it entrusted him with one of its vehicles.  She claims that Iversen's breach of that duty constitutes negligence, which proximately caused her injuries.  Iversen denies that its conduct was unreasonable or that it had any duty to make additional inquiries into the status of MacDonald's driving record.  Moreover (to the extent it is relevant to Sterndale's claim, which does not appear to allege liability based upon respondeat superior), Iversen asserts that MacDonald was not acting within the scope of his employment at the time of the accident.

## Discussion

New Hampshire plainly recognizes the tort of negligent entrustment.  In <u>Burley v. Kenneth Hudson, Inc.</u>, 122 N.H. 560 (1982), the New Hampshire Supreme Court held that:

> [Previously], we held that "the owner of a motor vehicle may be held liable for an injury to a third person resulting from the operation of a vehicle which he has entrusted to one whose incompetency to operate it . . . is known or should have been known to him." We later explained that a defendant could be unfit because of age, bad habits, dangerous propensities, carelessness, recklessness, of habitual driving while under the influence of alcohol.

4

<u>Id</u>. at 563 (citations omitted). Here, Sterndale claims that based upon MacDonald's demonstrably poor driving record, Iversen knew or should have known that he was unfit to operate a motor vehicle. Accordingly, she asserts that Iversen was negligent when it entrusted one of its vehicles to MacDonald.

Based upon the sparse record presently before the court and the limited pleadings submitted by the parties (which include only a single reference to arguably pertinent case law), the court is unable to rule that Iversen is entitled to judgment as a matter of law. Plainly, whether Iversen knew (or should have known) that MacDonald was unfit to operate a motor vehicle would seem to turn on what facts would have been revealed by the required scope of inquiry. <u>See, e.g.</u>, <u>Chalmers v. Harris Motors, Inc.</u>, 104 N.H. 111, 115 (1962). Whether Iversen took adequate steps to determine MacDonald's fitness to operate a motor vehicle before entrusting him with one of its cars (i.e., whether it acted in a "reasonable" manner), would also seem to depend in part on the nature of the risks reasonably to be perceived. Neither party has addressed the scope of inquiry legally required of a person or business before entrusting a motor vehicle to another, nor whether, had the requisite degree of inquiry been

5

met, the facts likely to have been discovered would have affected Iverson's decision to entrust plaintiff with the vehicle, nor whether the plaintiff's injuries are attributable to the failures complained of.

Stated somewhat differently, in the absence of a more thorough and reliable briefing of the issues by Iversen, the court is unwilling to rule that Iversen's limited inquiry into MacDonald's fitness to operate a motor vehicle was reasonable as a matter of law and thus precludes liability on a negligent entrustment claim.

## Conclusion

For the foregoing reasons, the court holds that while there may or may not be genuine issues of material fact, the movant has failed, on this occasion, to establish its entitlement to judgment as a matter of law. Accordingly, Iversen Ford's motion for summary judgment (document no. 11) is denied.

Should Iversen wish to assert that, as a matter of law, it had no legal duty to conduct a more thorough investigation into MacDonald's ability to safely operate its motor vehicle (i.e.,

6

beyond facially verifying that he possessed a driver's license, albeit an invalid one), it is obviously free to do so, provided of course that it supports such an assertion with both cogent argument and citations to pertinent case law, as well as affidavits or other proofs establishing the absence of dispute as to all material facts.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

October 8, 1996

cc:  William E. Aivalikles, Esq.
     Timothy Smith Reiniger, Esq.

7