Hillsborough, ⟩
Nov. 3, 1931. ⟨

ROLAND LAPOLICE, *by his next friend, v.* THOMAS C. AUSTIN.

ANTONIO LAPOLICE *v.* SAME.

*Doyle & Doyle*, for the plaintiffs.

*Timothy F. O'Connor* and *Myer Saidel*, for the defendant.

ALLEN, J. The accident happened on Hanover street in a business section of Manchester. Cars were parked on its southerly side and lengthwise with the sidewalk. The defendant was driving his car easterly and within two or three feet of the line of parked cars. Roland left the southerly sidewalk to cross the street at a point where there was no cross-walk, passing between two of the parked cars which were about a yard apart. As he came out from between them into the open roadway, the defendant's car struck him before he could step back.

Roland was seven years old at the time of the accident and nearly ten at the time of the trial. As he was found qualified to testify, he was entitled to have his testimony believed by the jury so far as they in reason might, and in fact did see fit to, accept it. And in passing on it they might credit part of it and discredit the rest provided such separation and selection might in reason be made. Roland's immaturity saves him from the test of a party's testimony declared in *Harlow* v. *Leclair*, 82 N. H. 506.

Roland testified that he looked to the left as he reached the open roadway after passing between the parked cars and saw no car approaching. If the defendant's car must have been then in sight by reason of the immediate sequence of the accident, it follows that he did not look or gave a glance of no informative value. But he further testified that after stepping out into the roadway he saw the defendant's car at a point which other testimony shows was twenty-five to thirty feet distant. As his testimony went on, he thereupon started to step back but not soon enough to avoid being struck. Giving belief to this testimony, the jury might conclude that as he was then directly in the path of the car, the defendant either saw him or would have seen him under a proper watch ahead. The defendant's testimony that he did not see him although watching ahead did not require acceptance. If Roland was or should have been thus seen with his progress across the street stayed upon his observation of the car, time and room were given the defendant to swing to the left and avoid the injury. It follows that there was evidence of the defendant's causal negligence to submit to the jury.

If Roland was negligent in not looking to the left as he reached the open roadway or in looking in a heedless and inattentive manner, yet under acceptance of his testimony he had insufficient time after discovery of his danger to escape it. The defendant, if found to have seen him, might also be found to have observed that he did not appreciate his danger, and the last chance doctrine is therefore available to meet the claim of his preliminary negligence in entering the danger zone as he did.

The court allowed the defendant to be asked how near he would drive to the sidewalk if a building came to its edge so as wholly to shut off the view of an alley leading into the street about thirty feet westerly of the point of the accident. This was in cross-examination and had reference to the defendant's driving within two or three feet of the parked cars. The defendant's general views for meeting traffic likely to come suddenly in his path were a proper matter of inquiry

on the issue whether under all the circumstances he was careless in driving unnecessarily near the parked cars, and might be shown by example and illustration. The question had some bearing on the defendant's state of mind accounting for his actual conduct, and the illustration was not necessarily too remote to be of help for the purpose. Nor is its legal prejudice demonstrated. The jury is to be assumed to have considered his conduct in the suggested situation only as it tended to show if he used care in anticipating traffic in the actual situation and not as a test of what care was in fact demanded.

The defendant in effect has argued that in view of the plaintiff Roland's immaturity, and with the contradictions and inconsistencies of his testimony considered not only with reference to his own but also to that of all of the other witnesses, his testimony should be wholly discredited. The finding that he was qualified to testify when he was first presented as a witness was not final. It was in nature a forecast which the character of the testimony might show was a mistaken one. Justice requires that on proper application the qualifications of the witness be reconsidered with due weight given to his testimony in its bearing thereon, and that if disqualification is found on such reconsideration, the verdict be set aside. The record does not present the question and action in regard thereto must be taken in the superior court.

*Exceptions overruled.*

All concurred.