NANCY B. CLEVELAND, *by her father and next friend*

*v.*

CHARLES S. REASBY.

WALTER A. CLEVELAND *v.* SAME.

*Walter H. Gentsch, Robert W. Upton* and *John H. Sanders (Mr. Sanders* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Wyman* orally), for the defendant.

BURQUE, J. The following facts are findable. Nancy, a young girl of eleven years of age at the time of the accident was sliding down

a driveway, which led from her home to a road known as the Ware road in the town of West Rindge a distance of approximately two hundred and eighty feet, downhill. Before she started to slide, she looked down in both directions on the Ware road, and seeing no autos, got on her sled, face down, and proceeded down the hill, at a speed of four or five miles per hour. As she neared the Ware road, she, for the first time saw the defendant's automobile, in the middle of the road, approaching from her right, near a hydrant, a distance of about one hundred feet north of her driveway. She continued on her way, keeping her sled near the side of the snowbank on the south side of the driveway. This driveway is rounded out as it joins the Ware road, and she kept going round in a southerly direction and on the east side of the Ware road. There is a distance of some sixty feet from center to center between this driveway and another driveway south of the former, known as the Eaton driveway, which at the time, as plowed out, was twenty-five feet wide at its intersection with the highway. Nancy was struck from the rear on her right leg a little south of the center of the Eaton driveway, when she was two to three feet easterly of the highway and in the Eaton driveway. After the accident "skid marks" one hundred and ten feet in length, bearing from the center to the east side of the highway and into the Eaton driveway were observed. There was snow on the ground, but no ice. The road is a country road and of gravel. Defendant had "mud hooks" on the rear wheels of his car. He claims he was traveling at a speed of ten to fifteen miles per hour, that when he first saw the child she was practically at the edge of the highway, one or two feet in from the east line of the highway, and he was ten or fifteen feet north of the center of the driveway. He immediately applied his brakes, locked his wheels, and went about two car lengths, twenty-two feet, before he came to a stop at a point about midway of the two driveways. He testified at a speed of fifteen miles per hour, he could, and did stop his car within a distance of twenty-two feet; that normally at that speed he could stop in thirteen feet, and at a speed of ten miles per hour within a distance of five to seven feet. He claims he did not see the child any sooner because of the snowbank, which as claimed by the defendant could be found to have been as high as five feet, while plaintiffs claim they were only two feet high. Irrespective of the actual height of the snowbanks, and irrespective of the defendant's claim that he could not see the child sooner because of them, if the jury adopted the plaintiff's version of the accident instead of the defendant's, as well they could and ap-

parently did, negligence on the part of the defendant could be attributed as the cause of the accident. The distance the defendant's car travelled, with its wheels locked, as evidenced by the length of the skid marks, could indicate a speed much greater than that admitted by the defendant, and that he saw the child before he says he did. The issue was squarely one of fact for the jury, and they having found by their verdict that plaintiff Nancy was not at fault and that defendant was, the verdict in her action should not have been disturbed.

Additional support is given to the conclusion reached above by the findable fact that defendant, after the accident, walked up the hill to the Cleveland home and then admitted he was at fault, and would take care of the expenses. No exception was taken to the admission of this testimony. True it is that the defendant, in his requests for instructions, did ask the court to instruct the jury that "the so-called admission of liability by Mr. Reasby, as testified to by witnesses for the plaintiffs, has not been connected with the admission of any acts or omissions on the part of Reasby from which liability could be found, you will not consider said admission on the issue of liability in this case." And "Upon all the evidence in this case the court rules that the so-called admission of liability by Mr. Reasby, as testified to by witnesses for the plaintiff, is not to be considered by you on the issue of liability in this case." The court did not grant the requests, nor comment on the effect of the evidence and its applicability. Defendant argues the application of the so-called admission to the facts of the case was for the court rather than for the jury (*Gagne* v. *Company*, 87 N. H. 163, 169, 170; *Alexander* v. *Todd*, 89 N. H. 365, 367), to be decided as a preliminary question by the court, and that in ordering judgment for the defendant the court has given to these statements the only reasonable interpretation that could be placed on them, viz.: that they were expressions of regret and not true admissions. We are not informed as to what ground the court relied upon to set aside the verdict and order judgment for the defendant. It may well be that he concluded there was no evidence of legal fault on the part of the defendant, in which instance the admission became immaterial. There being evidence of causal fault the evidence of an admission of fault is properly in the case, to be considered by the jury in determining what weight they will give defendant's version of the accident. And the fact of making the admission was raised as an issue in the case. Defendant denied making the statements imported to him. "Such denial if found to be false clearly tended to show recognition of the harmful

character of the statement" *McCurdy* v. *Flibotte*, 83 N. H. 143, 145. "This statement fairly imports an acknowledgment of fault." *L'Esperance* v. *Sherburne*, 85 N. H. 103, 109. Generally on the subject see cases cited in *Gagne* v. *Company*, 87 N. H. 163, 169.

The coasting statute P. L., c. 378, s. 12 (R. L., c. 440, s. 13) "No person shall coast or slide, upon a sled or other vehicle, upon or over a sidewalk, nor in a highway, in a village or thickly settled portion of a town or city, to the danger of travelers," is not intended to cover a case like the present one, when the coasting occurred one-half mile from the center of the town. Refusal to submit defendant's request to the effect that if Nancy violated the statute neither she nor her father could recover was proper. Defendant's other requests involved comment on the evidence, which was within the court's discretion to give or not as he saw fit.

The above considerations dispose of the Nancy action.

As to the Walter Cleveland case, the issues before us are plaintiff's exceptions to the court's submission of plaintiff's negligence in not having warned Nancy not to slide down the hill to the road, and in not charging the jury on the last chance doctrine as requested. Whether in view of the conditions prevailing at the place of accident, Nancy's age, her intelligence, understanding and appreciation of what constituted danger, facts which the jury who saw her, heard her and observed her could pass upon, such a warning should have been given was for the jury. *Humphreys* v. *Ash*, 90 N. H. 223, cited by both parties is authority for the general proposition that parents may be at fault for not exercising sufficient control over their children in their protection against danger, and if at fault cannot recover damages resulting to them for their negligence in failing to protect their children by warning them against dangers known to the parents and probably not appreciated by the children. But the plaintiff takes the position that the jury by its verdict having found the defendant negligent and the plaintiff Nancy free from fault, any failure on the part of the plaintiff Walter to have warned his daughter against sliding in the highway was at most a condition and not a legal cause of the accident, and in this he is supported by *Nashua Iron &c Co.* v. *Railroad*, 62 N. H. 159, 162, 164 and cases cited; *Felch* v. *Railroad*, 66 N. H. 318, 320; *Johnson* v. *Director General*, 81 N. H. 289, 290. The position is well taken. Here there was no duty of constant and immediate control on the part of the father over his daughter who was capable of exercising some care. In this respect the instant case differs from *Bullard* v. *McCarthy*, 89 N. H. 158.

522

The last clear chance doctrine as developed in this State is not applicable to the facts in the case at bar.

*In the Nancy Cleveland case, judgment on the verdict; in the Walter Cleveland case, new trial on issue of damages.*

BRANCH, J., did not sit: the others concurred.