Merrimack
No. 84-282

EDNA CLARK

v.

BRUCE MCKERLEY & a.

July 24, 1985

*Upton, Sanders & Smith*, of Concord (*Russell F. Hilliard* and *John S. Upton* on the brief), by brief for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Wilfred J. Desmarais* and *Kelly M. Bird* on the brief), by brief for the defendants.

PER CURIAM. The plaintiff brought this civil damage action against Bruce McKerley for setting fire to her barn in April, 1981, and against his parents, David McKerley, Jr., and Shirley McKerley, for negligent supervision of Bruce. The parents moved for summary judgment under RSA 491:8-a (Supp. 1983), claiming that there was no genuine issue as to any material fact and that they were entitled to judgment as a matter of law on either of two grounds: (a) that Bruce had reached the age of eighteen at the time of the plaintiff's fire and (b) that it could not be found that the parents had knowledge or reason to know that Bruce had any incendiary or other dangerous propensity. The parents submitted depositions of themselves and Bruce in support of the motion. The plaintiff objected on the grounds that emancipation, not the age of majority, was material to a parent's obligation to supervise, and that the record submitted to the court did disclose a genuine issue of material fact bearing on whether the parents should have known that Bruce had a proclivity to use alcohol and set fires.

The plaintiff submitted a copy of Bruce's motor vehicle record, indicating that before the date of the fire he had been convicted twice of speeding and convicted once of crossing a yellow line and once of following too close. Thus, as the case was submitted to the trial court, it appears that the plaintiff did not claim that the parents had actual knowledge that Bruce had set fires or had a tendency to set them, and it likewise appears that both sides agreed that the parents could not be held liable for negligent supervision unless they had reason to know of Bruce's dangerous propensity. There was no claim of any evidence bearing on this issue beyond what the submitted materials indicated.

The Superior Court (*Dunn*, J.) granted the parents' motion for summary judgment on the ground of Bruce's age. We affirm on the alternative ground that the record discloses no genuine issue as to any material fact bearing on whether the parents should have

known of Bruce's dangerous propensity, and it contains insufficient evidence on which a reasonable trier of fact could find that the parents should have known of Bruce's incendiary propensity.

We decline to rest our decision on the son's age. The law of parental liability to third persons for negligent supervision of a child is undeveloped in this jurisdiction, and we will not take up such a significant issue of first impression in a case submitted on briefs, when the record reveals an alternative basis for decision. *See Lemay v. Rouse*, 122 N.H. 349, 352, 444 A.2d 553, 555 (1982).

Such an alternative basis exists here. The second issue submitted by the parties is whether there is any genuine issue of material fact relevant to the question whether the parents should have known of Bruce's dangerous propensity and of the consequent need and opportunity to exercise control over him. *See* RESTATEMENT OF TORTS (SECOND) § 316, at 123–24 (1965); W. PROSSER, HANDBOOK OF THE LAW OF TORTS, at 871–73 (4th ed. 1971). It is clear that there is no dispute.

Reading the depositions most favorably to the plaintiff, *see McElroy v. Gaffney*, 123 N.H. 58, 60, 457 A.2d 429, 430 (1983), they reveal that once in January and once in February, 1981, Bruce had attended parties of approximately a dozen teenagers and, after drinking, had set fires that did some damage to the buildings where the parties were held. In April, 1981, Bruce set the plaintiff's barn on fire, doing major damage, and later he ignited his own parents' barn. Prior to the plaintiff's fire, the parents knew that Bruce had attended the two parties at which fires had occurred, the parents knew that the police had questioned all the participants at one party, and the parents were suspicious about the causes of the fires.

There is no evidence, however, that they had any indication that Bruce had set the fires, and there is no evidence that Bruce had ever shown unusual interest in fires or had committed acts of vandalism. Nor is there evidence that the parents knew or had reason to suspect that Bruce had a drinking problem, even assuming that such knowledge would have disclosed a risk of arson. While a significant portion of the material submitted to the court consists of the parents' own depositions containing statements favorable to themselves, there is no indication of any reason to impeach their credibility.

On this record as submitted by the parties, no reasonable trier of fact could infer that the parents had reason to know of their son's dangerous proclivity. There was therefore no triable issue and the parents were entitled to summary judgment as a matter of law. *See Settle v. Keene Savings Bank*, 120 N.H. 827, 423 A.2d 986 (1980).

*Affirmed.*