Rockingham
No. 90-230

GEOFFREY TOWLE

v.

MATTHEW KIMAN AND NANCY KIMAN

May 6, 1991

*Mark F. Sullivan,* of Exeter, by brief and orally, for the plaintiff.

*Sheehan, Phinney, Bass & Green P.A.,* of Manchester (*Marc W. McDonald* on the brief and orally), for the defendants.

BROCK, C.J.   In this appeal we are invited to revisit the question of whether we should adopt the tort of negligent supervision by parents of their unemancipated minor child. For reasons that follow, we decline the invitation.

The plaintiff, Geoffrey Towle, brings this appeal from the Superior Court's (*Gray,* J.) order granting a motion for summary judgment for the defendants, Matthew and Nancy Kiman. In his writ, the plaintiff sought recovery from the defendants for injuries that he suffered when he was assaulted by the defendants' minor child, Kenneth Kiman. Subsequently, the defendants filed an amended motion for summary judgment, in which they argued, *inter alia,* that the plaintiff's writ failed to allege a basis for recovery recognized in New Hampshire. The trial court agreed, ruling that "[a]bsent clear adoption of [a negligent supervision] theory by our Supreme Court or the enactment of legislation specifically allowing such recovery, this court declines to adopt such a theory of liability *especially on the facts of the instant case.*" (Emphasis added.)

When, as here, the trial court grants a motion for summary judgment on the basis that the plaintiff has failed, in his pleadings, to state a claim upon which relief can be granted, we will review the court's order as the functional equivalent of an order granting a motion to dismiss. *See, e.g.,* 10 C. WRIGHT, A. MILLER & M.K. KANE, FEDERAL PRACTICE AND PROCEDURE § 2713, at 594 (1983) (Under federal system "summary judgment motion . . . made on the basis of the pleadings alone . . . is . . . functionally . . . the same as a motion to dismiss for failure to state a claim. . . ."). Accordingly, we review the allegations in the plaintiff's pleadings to determine whether they constitute a basis for legal relief. *Collectramatic, Inc. v. Kentucky Fried Chicken Corp.,* 127 N.H. 318, 320, 499 A.2d 999, 1000 (1985). In doing so, we assume the allegations to be true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. *Id.*

According to the plaintiff, in the early morning of September 26, 1986, he suffered "serious bodily injury" as a result of an assault by

Kenneth Kiman. He claims that Kenneth had "a history of and propensity toward violent activity" and that, at the time of the assault, Kenneth had recently been released from confinement under "Court Ordered Conditions of Release." He further alleges that, as the parents of Kenneth, the defendants had custody and control over him, which gave rise to a duty to "monitor," "control," "supervise," and "protect the public from [Kenneth's] acts." According to the plaintiff, the defendants breached this duty when they "allow[ed] Kenneth . . . to be out of the home and in places and whereabouts unknown to them when they knew or should have known of [his] propensity . . . to cause harm," and as a result of this breach, the plaintiff was injured. It is undisputed that the assault took place several miles from the defendants' home and that, at that time, Kenneth was seventeen years old.

In *Clark v. McKerley*, 126 N.H. 778, 497 A.2d 846 (1985), we recognized that an action for negligent supervision may exist, but explicitly refused to adopt it in light of an alternative basis for resolving the case. *Id.* at 780, 497 A.2d at 847. We note that other jurisdictions have applied a variety of standards, in a variety of factual contexts, in finding parents liable for the negligent supervision of their children. *See generally* Annotation, *Parents' Liability for Injury or Damage Intentionally Inflicted by Minor Child*, 54 A.L.R.3d 974 (1973).

■■ After careful consideration of the factual allegations made in this case, we conclude that under any of these standards the plaintiff's pleadings fall short. "So far as there is one central idea [underlying principles of tort recovery], . . . it is that liability must be based upon conduct which is socially unreasonable." PROSSER AND KEETON ON THE LAW OF TORTS § 1, at 6 (5th ed. 1984). Based on the plaintiff's allegations, and because of the inescapable policy considerations involved in adopting a heretofore unrecognized right of recovery, *see* PROSSER AND KEETON ON THE LAW OF TORTS § 3, we cannot say that the plaintiff has alleged conduct by the defendants that New Hampshire law recognizes as socially unreasonable. Thus, on the facts alleged by this plaintiff, we will not adopt the tort of negligent supervision at this time.

*Affirmed.*

All concurred.