Bigg v. Meadowgreen-Wildcat          CV-97-19-SD    04/21/97

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Sharon C. Bigg, m/n/f
 Samuel J.P. Bigg;
Sharon C. Bigg;
Peter Bigg

    v.                                    Civil No. 97-19-SD

Meadowgreen-Wildcat Corp.


O R D E R


Before the court is the motion of the counterclaim
defendants, Sharon C. Bigg and Peter Bigg, which seeks to dismiss
the counterclaim of the defendant Meadowgreen-Wildcat
Corporation.  Document 9.  The defendant objects.  Document 10.


1.  Background

The counterclaim defendants have brought, as plaintiffs in
this court, an action against defendant which seeks to recover
money damages for injuries sustained by their minor son, Samuel
J.P. Bigg, together with recovery for medical expenses and other
damages allegedly incurred by them as a result of Samuel's
injuries.[1]  The thrust of their complaint is that Samuel fell
from a snow pile on defendant's premises, which was in a
dangerous condition, and that defendant was negligent in allowing

_____

[1]The Biggs, residents of the United Kingdom, invoke the
diversity jurisdiction of this court.  28 U.S.C. § 1322(a)(2).

such condition to exist and in failing to warn the public thereof.

By amended answer and counterclaim, defendant Meadowgreen-Wildcat Corporation asserted that counterclaim defendants breached a duty to supervise the conduct of Samuel and that such breach of duty was causal of Samuel's injuries. Invoking the statutory provisions for contribution among tortfeasors set forth in New Hampshire Revised Statutes Annotated (RSA) 507:7-f (Supp. 1996) and for enforcement of such contribution, RSA 507:7-g, defendant seeks to require contribution from the counterclaim defendants concerning all or a portion of any liability imposed on defendant.

## 2. Discussion

It appears that Mr. and Mrs. Bigg misconceived the thrust and nature of the defendant's counterclaim. They cite to Towle v. Kiman, 134 N.H. 263, 591 A.2d 911 (1991), a case wherein the New Hampshire Supreme Court refused to adopt the tort of negligent supervision by parents of an unemancipated minor in circumstances where such minor had caused injuries to a third person by means of an intentional tort.

The Towle case, and the authorities upon which it relies,[2] clearly concern intentional acts of minors wherein the victims of such acts seek to recover from the parents. They do not concern the rule, well established under the New Hampshire cases, where an alleged tortfeasor seeks either contribution from or a bar to recovery by the parents of the minor based on the failure of said parents to exercise due care in their supervision of the minor.

Indeed, the New Hampshire court would not have done so without expressly citing and either distinguishing or overruling the line of cases which hold that in New Hampshire parents are under a legal duty to exercise ordinary care for the safety of their children, and if any failure in that respect on the parent is found to be causal of the accident, the parent cannot recover for the loss occasioned them by the injuries to their child. Martineau v. Waldman, 93 N.H. 147, 36 A.2d 627 (1944); Cleveland v. Reasby, 92 N.H. 518, 33 A.2d 554 (1943); Bullard v. McCarthy, 89 N.H. 158, 195 A.2d 355 (1937).

---

[2]In Towle v. Kiman, supra, the plaintiff sought to recover for personal injuries sustained when he was assaulted by the minor child of the defendants. In refusing to accept the tort of negligent supervision in such circumstances, the court relied on its prior decision in Clark v. McKerley, 126 N.H. 778, 497 A.2d 846 (1985), a case in which the minor set fire to the plaintiff's barn. The court also cited with approval an annotation entitled *Parents' Liability for Injury or Damage Intentionally Inflicted by Minor Child*, 54 A.L.R.3d 974 (1973).

## 3. Conclusion

For the reasons hereinabove outlined, the motion to dismiss the counterclaim, document 9, must be and it is herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

April 21, 1997

cc:    David J. KillKelley, Esq.
       Debra Weiss Ford, Esq.
       Joseph M. McDonough III, Esq.