Rockingham
No. 97-490

JOHN LANGLOIS

v.

ALAN AND MICHELLE POMERLEAU

March 18, 1999

*Downs Rachlin & Martin, P.L.L.C.*, of Littleton (*Gregory M. Eaton* on the brief and orally), for the plaintiff.

*Wiggin & Nourie, P.A.*, of Manchester (*Scott A. Ewing* and *Douglas J. Wenners* on the brief, and *Mr. Ewing* orally), for the defendants.

JOHNSON, J. The defendants, Alan and Michelle Pomerleau, appeal a decision of the Superior Court (*Coffey*, J.), denying their motion for judgment notwithstanding the verdict from a jury verdict that found them liable for negligently supervising their three-year-old son. The plaintiff, John Langlois, cross-appeals, arguing that the trial court improperly granted the defendants' motion to dismiss the plaintiff's negligence claim, and improperly granted the defendants' motion for a directed verdict on the plaintiff's negligent entrustment claim. We reverse the denial of the defendants' motion for a judgment notwithstanding the verdict, and otherwise affirm.

The plaintiff asserted claims for negligence, negligent entrustment, and negligent supervision against the defendant tenants for a fire that occurred on February 18, 1994, in the defendants' apartment in Newmarket. On that date, Michelle Pomerleau was in the apartment with her son Daniel, who was then one day shy of three years of age. Michelle testified that prior to taking a shower in the bathroom adjacent to the master bedroom, she sat Daniel on the bed in the master bedroom with a bag of candy to watch a television show.

The plaintiff's expert, William Hurteau, testified that his interview notes indicated that later Michelle conversed with Daniel while she was taking her shower and Daniel sat on the toilet. After taking her shower, Michelle returned to the bedroom to check on Daniel, who at that time was once again on the bed. She testified that she remained in the bedroom for approximately ten minutes to get dressed, and did not see or smell anything unusual. She then returned to the bathroom to blow dry her hair.

Somewhere between thirty seconds and four minutes later, Daniel walked into the bathroom and said, "Uh-oh, Mama." Michelle

returned to the master bedroom, where she discovered the carpet burning near the bed. The fire, which she unsuccessfully attempted to extinguish, caused stipulated damages of $187,750.

The plaintiff alleged that Daniel started the fire, and that the defendants were negligent in failing to supervise him in their master bedroom, which contained matches and lighters. Both of the plaintiff's expert witnesses testified that, in their opinion, Daniel started the fire. William Hurteau testified that the defendants told him about matches and lighters in the nightstand and on the computer desk in the master bedroom, and testified about others he discovered in the room or near the bed, many of which Hurteau believed that Daniel could have easily accessed. He also testified that a study has shown that children three or four years of age were most likely to play with matches and lighters, and are capable of setting fires using matches or lighters.

The defendants' unrefuted testimony established that, prior to the fire, they had never seen matches or lighters in Daniel's possession or provided them to him, and that Daniel had never shown an interest in matches or lighters. They also testified Daniel demonstrated an aversion to fire because he had previously burned himself on the oven, and he would try to blow out the gas burners on the stove.

The trial court dismissed the negligence count prior to trial and granted the defendants' motion for a directed verdict on the negligent entrustment claim at the close of the plaintiff's evidence. The trial court denied the defendants' motion for a directed verdict on the negligent supervision claim. The negligent supervision claim went to the jury, which returned a verdict for the plaintiff. The defendants moved for judgment notwithstanding the verdict, which the trial court denied.

On appeal, the defendants argue that the trial court erred in denying their motion for judgment notwithstanding the verdict, despite undisputed evidence that the defendants had no knowledge that their son had any propensity for playing with matches or lighters or starting fires. The plaintiff cross-appeals, arguing that the trial court erroneously dismissed his negligence claim and directed a verdict for the defendants on his negligent entrustment claim.

Our standard for reviewing motions for judgment notwithstanding the verdict is well established:

A party is entitled to judgment notwithstanding the verdict only when the sole reasonable inference that may be

drawn from the evidence, which must be viewed in the light most favorable to the nonmoving party, is so overwhelmingly in favor of the moving party that no contrary verdict could stand. The court cannot weigh the evidence or inquire into the credibility of the witnesses, and if the evidence adduced at trial is conflicting, or if several reasonable inferences may be drawn, the motion should be denied.

*LeBlanc v. American Honda Motor Co.*, 141 N.H. 579, 585, 688 A.2d 556, 561 (1997) (quotation omitted).

To date, we have declined to recognize the tort of negligent supervision to hold parents liable for the acts of their children, *see Towle v. Kiman*, 134 N.H. 263, 265, 591 A.2d 911, 912 (1991), especially in the absence of parental knowledge of the child's dangerous propensities, *see id.*; *Clark v. McKerley*, 126 N.H. 778, 780, 497 A.2d 846, 847 (1985). At trial, the plaintiff presented evidence that Daniel has a propensity for inquisitiveness and for getting into his parents' and siblings' personal property. Contrary to the plaintiff's argument, the relevant propensity in this case is one towards fire, not inquisitiveness.

Even assuming that we were to recognize the tort of negligent supervision, we conclude that no evidence was presented showing that Daniel had a known propensity to play with lighters or matches, or to play with fire. Although other inquisitive children of Daniel's age may have a propensity to play with fire, the plaintiff attempts to make the logical leap that because Daniel had a known propensity for inquisitiveness like other children, he would also have a propensity to play with matches or lighters and to start fires.

Without specific evidence, based on prior acts, of a propensity to cause the actual harm that occurred, *cf. Towle*, 134 N.H. at 265, 591 A.2d at 912; *Clark*, 126 N.H. at 780, 497 A.2d at 847; *Smith by Smith v. George*, 534 N.E.2d 224, 226 (Ill. App. Ct. 1989), a plaintiff may not rely on speculation or unsupported inferences to prove that because a child may exhibit certain propensities, they also possess other propensities. The mere fact that some three-year-olds are inquisitive and start fires by playing with matches or lighters is an impermissible basis to conclude that because this three-year-old child is inquisitive, he will also start fires.

To make out a cause of action for negligent supervision, the plaintiff must first have offered evidence showing that Daniel had a propensity to play with matches or lighters, or to play with fire. Without knowledge of such a propensity, a parent may reasonably be in a separate room of the same house for a few minutes as part of an

ordinary, daily activity. *Cf. Smith*, 534 N.E.2d at 226. Because the plaintiff offered no evidence establishing that the defendants knew Daniel had a propensity to play with fire, the plaintiff failed as a matter of law to establish that the defendants had a duty to anticipate that Daniel would play with fire. Therefore, no reasonable jury could have found that the defendants negligently supervised their three-year-old child.

Next, we address the plaintiff's issues on appeal. We review motions to dismiss to determine "if the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery. We assume the truth of all well-pleaded facts alleged by the plaintiff and construe all inferences in the light most favorable to the plaintiff." *Bohan v. Ritzo*, 141 N.H. 210, 212-13, 679 A.2d 597, 599 (1996) (quotations and citation omitted). We review motions for directed verdicts under the same standard as motions for judgments notwithstanding the verdict. *Broderick v. Watts*, 136 N.H. 153, 158, 614 A.2d 600, 604 (1992).

■ On the negligence claim, the plaintiff alleged that the defendants "had a duty to prevent their son, Daniel Pomerleau, from obtaining access to and using dangerous instrumentalities, including books of matches and lighters." The plaintiff alleged that the defendants breached this duty "by allowing [their son] to have unsupervised and unattended access to books of matches and lighters in the vicinity of combustible materials." The trial court dismissed the plaintiff's negligence claim on the basis that the plaintiff's theory of duty essentially "equates to negligent supervision." We agree and conclude that the trial court properly dismissed the negligence claim. *Cf. Taylor-Boren v. Isaac*, 143 N.H. 261, 266, 723 A.2d 577, 580-81 (1998).

■ The trial court directed a verdict on the plaintiff's negligent entrustment claim because the plaintiff offered no evidence that the parents had entrusted their son with the cigarette lighters and matches. We agree.

We have reviewed the record with respect to the plaintiff's remaining arguments and find them to be without merit and warranting no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed in part; reversed in part.*

All concurred.