Belknap
No. 97-627

QUINN BROTHERS, INC.

v.

DAVID WHITEHOUSE d/b/a EAST COAST RENT-A-FENCE

September 8, 1999

*Lawson & Philpot, P.C.,* of Laconia (*Edward D. Philpot, Jr.* on the brief and orally), for the plaintiff.

*Haughey, Philpot & Laurent, P.A.,* of Laconia (*Paul C. Bordeau* on the brief and orally), for the defendant.

BROCK, C.J. The plaintiff, Quinn Brothers, Inc. (Quinn Brothers), appeals a jury verdict for the defendant, David Whitehouse d/b/a

East Coast Rent-A-Fence, in a contract action. The plaintiff contends that the Superior Court (*Barry*, J.) erred in denying its motions for judgment notwithstanding the verdict and to set aside the verdict. We affirm.

The plaintiff is a Massachusetts corporation engaged primarily in the business of steel fabrication and steel erection. The plaintiff entered into a public works contract with the Massachusetts Turnpike Authority to install chain link fencing along the Massachusetts turnpike. Not being in the fence erection business, the plaintiff subcontracted the fence installation work to the defendant, who operated a New Hampshire fencing company.

A written agreement was drafted outlining the defendant's obligations and financial compensation. According to the agreement, the defendant was responsible for, *inter alia*: (1) coordinating the stock deliveries; (2) preparing the work week schedule; (3) hiring required personnel; and (4) preparing payroll records. The agreement specified a project completion date of September 30, 1995.

Along with a weekly salary, the agreement contained several incentive provisions for the defendant. It provided that the defendant would receive fifty cents for every dollar by which actual labor costs fell below the projected cost of $350,000. The defendant would also receive a $100,000 bonus if all terms and conditions of the contract were fulfilled. If actual labor costs exceeded $350,000, however, then fifty cents for every dollar exceeding $350,000 would be deducted from the bonus. Finally, the agreement provided that the defendant would receive $54,000 worth of equipment, purchased by the plaintiff for use in the fence installation, if all the terms and conditions were fulfilled and the actual labor costs did not exceed $350,000.

In April 1995, the defendant and his crew began work. Except for "punch list" items, the project was completed by November 1995. The plaintiff refused to pay any of the incentives to the defendant because the fence installation was not completed by September 30, and because labor costs exceeded the projected cost to the extent that any bonus compensation was eliminated.

In April 1996, the plaintiff filed a writ of replevin to recover the equipment that remained in the defendant's possession. The defendant responded that the labor costs for the fence installation did not exceed $350,000 and, therefore, he was entitled to the property pursuant to the contract. The defendant also filed a counterclaim alleging that the plaintiff had breached the agreement by failing to pay the performance incentives contained therein. Subsequently,

the plaintiff amended its claim to include a count for money damages.

The parties agreed prior to trial that Massachusetts construction contract law applies and that the trial court would decide the replevin issue after a jury trial on the contract claims. The jury found that: (1) the defendant had not breached the agreement; (2) the plaintiff had breached the agreement; and (3) the defendant was entitled to damages in the amount of $61,000. The plaintiff filed motions for judgment notwithstanding the verdict and to set aside the verdict. The trial court denied the motions and ruled in favor of the plaintiff on the writ of replevin. This appeal followed.

On appeal, the plaintiff argues that the defendant cannot recover contract damages under Massachusetts law because he failed to perform the contract completely. Accordingly, the plaintiff argues that the trial court erred in denying its motions for judgment notwithstanding the verdict and to set aside the verdict.

■ Because the parties agree that Massachusetts law applies to the interpretation of the contract, we will apply Massachusetts law to the substantive issues on appeal, and New Hampshire law to procedural matters. See Waite v. Sylvester, 131 N.H. 663, 667, 560 A.2d 619, 621 (1989).

We first address the plaintiff's motion for judgment notwithstanding the verdict.

> A party is entitled to judgment notwithstanding the verdict only when the sole reasonable inference that may be drawn from the evidence, which must be viewed in the light most favorable to the nonmoving party, is so overwhelmingly in favor of the moving party that no contrary verdict could stand. The court cannot weigh the evidence or inquire into the credibility of the witnesses, and if the evidence adduced at trial is conflicting, or if several reasonable inferences may be drawn, the motion should be denied.

Langlois v. Pomerleau, 143 N.H. 456, 458-59, 726 A.2d 1285, 1287 (1999) (quotation omitted).

Pursuant to Massachusetts law, "a contractor cannot recover on the contract itself without showing complete and strict performance of all its terms." PDM Mechanical Contr. v. Suffolk Const., 618 N.E.2d 72, 74 (Mass. App. Ct.), review denied, 622 N.E.2d 1364 (Mass. 1993). The plaintiff contends that the defendant's testimony established that the contract was not completed by September 30, 1995, and that the defendant did not complete the remaining "punch

list" items. The plaintiff argues that because the contract was not completed, the defendant cannot recover contract damages.

The defendant contends that there was sufficient evidence for the jury to conclude that the agreement was modified throughout the project and that he fully and completely performed the modified agreement. "An agreement to modify a contract need not be express. Rather, it may be inferred from the attendant circumstances and conduct of the parties." *A. Leo Nash Steel v. So. New Eng. Steel, Etc.*, 402 N.E.2d 71, 75 (Mass. App. Ct. 1980).

The record reveals conflicting testimony regarding whether the terms and conditions of the contract were modified and, if modified, whether the contract was completely performed by the defendant. Viewing the evidence in the light most favorable to the defendant, we conclude that there was sufficient evidence to support the reasonable inference that the parties' agreement was modified and that the defendant had completely performed his obligations under the contract as modified.

The plaintiff's president, John Coughlin, testified that there were oral discussions throughout the job that modified terms and conditions of the contract. Similarly, the defendant testified that there were numerous changes in the contract throughout the project including additional fence installation that was not part of the original agreement. Thus, a jury could have reasonably concluded that the original written contract was modified.

Regarding the September 30 completion date, the jury heard testimony that the defendant and his crew were delayed for the first two months of the job because they had to clear brush before installing the fence. The defendant testified that Coughlin did not make an issue of the completion date when it had lapsed. The jury also heard testimony that except for the "punch list" items, the project was completed in November 1995. Thus, a jury could have reasonably concluded that the completion date was extended for two months because of the delay.

Lastly, the defendant testified that he developed the final "punch list" because he knew that there were problems with the project and was concerned about his professional reputation. Coughlin assured him that the remaining items would be taken care of. Admitting that there were defects, the defendant explained that "[t]he defects were defects that I had no control over, and I was told to back off." Thus, although it is not disputed that the defendant did not complete work on the punch list items, a jury could have reasonably concluded that the defendant did not breach the agreement as modified by the parties.

■ Because there was testimony and evidence to support the jury's verdict, we affirm the trial court's denial of the motion for judgment notwithstanding the verdict. *See Langlois*, 143 N.H. at 459, 726 A.2d at 1287.

The plaintiff next argues that the trial court erred in denying its motion to set aside the verdict. We will set aside a jury verdict if it is "conclusively against the weight of the evidence" or "if it is the result of mistake, partiality, or corruption." *Broderick v. Watts*, 136 N.H. 153, 162, 614 A.2d 600, 606 (1992). "Conclusively against the weight of the evidence should be interpreted to mean that the verdict was one no reasonable jury could return." *Id.* (quotations and brackets omitted).

■ As the plaintiff argues only that the jury verdict was against the weight of the evidence, we limit our review accordingly. Having determined that the jury's verdict was reasonable in light of the evidence before it, we conclude that the verdict was not conclusively against the weight of the evidence. Accordingly, we affirm the trial court's denial of the motion to set aside the verdict.

*Affirmed.*

All concurred.